# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-50736
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2018

Lyle W. Cayce
Clerk

DENNIS KIRCHNER; DEBRA J. KIRCHNER,

      Plaintiffs-Appellants,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY,
as Trustee for HSI Asset Securitization Corporation Trust 2007-WFI,
Mortgage Pass-Through Certificates, Series 2007-WFI,

      Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CV-0341-XR

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:*

In 2007, Plaintiff-Appellant Dennis Kirchner signed a Texas Home Equity Note in the amount of $304,000. Only Mr. Kirchner signed the Note. He and his wife, Plaintiff-Appellant Debra Kirchner, both signed a Texas Home Equity Security Instrument securing payment on the Note with real property in Lakehills, Texas. The Security Instrument provides, in pertinent part, "**any person who signs this Security Instrument but does not execute the Note . . . agrees**

---

    * Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

**that this Security Instrument establishes a voluntary lien on the homestead and constitutes the written agreement evidencing the consent of each owner and each owner's spouse**." Over the subsequent years, Mr. Kirchner continually defaulted on his payment obligations under the terms of the loan. And ultimately, in March 2017, Defendant-Appellee Deutsche Bank National Trust Company ("Deutsche Bank") obtained a judicial order for foreclosure.[1] The Kirchners thereafter filed this action in Texas state court, seeking to stay the foreclosure.

Deutsche Bank removed the action to federal court, and later filed a motion for summary judgment. The Kirchners failed to timely respond; they and their counsel also failed to appear at a court-ordered status conference, during which the district court heard argument on and orally granted Deutsche Bank's motion. The Kirchners later filed a document, which the district court construed as an untimely response to the motion for summary judgment, a timely motion to reconsider the order granting the motion for summary judgment, a motion to consider the district court's previous denial of remand, or a motion to dismiss (despite the fact that the Kirchners are the Plaintiffs in the action and Deutsche Bank asserted no claims against them). Reviewing this document, the district court rejected all of the Kirchners' arguments and reaffirmed its grant of summary judgment. The Kirchners timely appeal, and we have jurisdiction. 28 U.S.C. § 1291.

We review a district court's grant of summary judgment *de novo*, applying the same standards as the district court. *Ezell v. Kan. City S. Ry. Co.*, 866 F.3d 294, 297 (5th Cir. 2017). Summary judgment "is appropriate only if the

---

[1] The Note and Security Instrument identify Wells Fargo Bank, N.A., as the lender, but Wells Fargo later assigned the Loan to Deutsche Bank.

movant shows that there is no genuine issue as to any material fact and the mo-vant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Tolan v. Cotton*, 572 U.S. —, —, 134 S. Ct. 1861, 1866 (2014) (per curiam). We construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *R & L Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013).

The Kirchners' principal contention is that the loan is invalid under the Texas Constitution because the Note was signed by Mr. Kirchner but not Mrs. Kirchner, which renders the loan involuntary. The Texas Constitution requires that a homestead lien be voluntary, and protects a homestead from forced sale "for the payment of all debts except for . . . an extension of credit that . . . is secured by a voluntary lien on the homestead under a written agreement with the consent of each owner and each owner's spouse." Tex. Const. art. XVI, § 50(a)(6)(A). A lien is voluntary if "[a]n owner or an owner's spouse who is not a maker of the note . . . consent[s] to the lien by signing a written consent to the mortgage instrument." 7 Tex. Admin. Code § 153.2(2). Section 153.2(2) of the Administrative Code also explicitly states that "[t]he consent may be included in the mortgage instrument or a separate document." *Id.*

In *Wilmington Trust, N.A. v. Blizzard*, 702 F. App'x 214 (5th Cir. 2017) (per curiam),[2] we expressly rejected the Kirchners' very argument. There, the individual defendant in a foreclosure action argued that the underlying loan was not voluntary because her then-husband had signed the note, but she had not. She had, however, signed a Deed of Trust which contained consent language identical to the language contained in the Kirchners' Security Instrument. *See id.* at 216 n.2. The panel rejected her argument that the lien was invalid: "[the

---

[2] Though *Blizzard* is a nonprecedential panel opinion, we find its reasoning persuasive.

No. 17-50736

defendant] voluntarily consented to the lien by signing the Deed of Trust. There-fore, the lien satisfies § 50(a)(6)(A)'s requirements, regardless of whether [she] signed the Note." *Id.* at 216 (footnote omitted) (citing *Puig v. Citibank, N.A.*, No. 11-0270, 2012 WL 1835721, at *8 (N.D. Tex. May 21, 2012) (also holding that § 50(a)(6)(A)'s requirements were satisfied where the owner and the owner's spouse who was not a maker of the note signed a deed of trust), *aff'd*, 514 F. App'x 483 (5th Cir. 2013) (per curiam)). The facts here are not significantly dif-ferent from the facts in *Blizzard*, so we rely on its reasoning to conclude that because Mrs. Kirchner signed the Security Instrument, she voluntarily consented to the lien in satisfaction of Article XVI, section 50(a)(6)(A). The district court's grant of summary judgment, therefore, was appropriate.

The judgment of the district court is **AFFIRMED**.